Swing, J.
We are not agreed as to the rights of the parties as presented in this cause. In my opinion the plaintiff is not en-tilted to the relief prayed for.
The record facts appear to be that in 1891 the structure *321 in question was returned by the annual assessor at $60,000 as an unfinished structure; that in 1892 the annual assessor added $30,000 to said structure, making $90,000 as the value of the structure, and that he returned the same, as appears from the “fair book,” as a finished structure; that no affirmative action was taken on the return of the assessor by the board of supervisors, other than that the clerk of the board of supervisors checked off this amount in red ink, thereby indicating that it was to go to the auditor in that amount for taxation for the year 1892 (December)and 1893 (June); m the year 1893 said structure was returned by the annual assessor as a completed structure, having added $10, 000 to the previous .valuation of the year 1892 of $90,000, making the return of the annual assessor $100,000 as a completed structure; that the board of supervisors added in said year to the return of the assessor the sum of $14,000, making a total valuation of $114,000. .
The evidence outside of the record clearly shows,I think, that after the return of the annual assessor in 1892,in which he returned the building as a completed structure at a total valuation of $90,000, a committee of the board of supervisors, acting for the board, went to Mr. Carew with a view to ascertaining a proper valuation to be placed on the building as a' completed structure, but they were informed by Mr. Carew that he had had trouble in erecting the building, and that it .was not wholly completed; that some portions were to be erected and some painting to be done and that if they would let it go over to the following year, the building would then be fully completed,and that the board of supervisors agreed to this suggestion, and that the said board did not take any final action in said year upon said structure as a completed structure; that in the following year (1893) the annual assessor returned the valuation at $100,000, and that in accordance with the understanding of the previous year the board of supervisors met Mr. Carew in regard to the valuation to be placed upon said structure as a completed structure; that Mr. Carew furnished said board with a statement of the cost of said structure, which was $198,000, and that after deducting $8,000 by reason of the old building, the cost was found to be $190,000, and that said board of supervisors fixed the value of the structure at $114,000, adding *322 $14,000 to the return of the annual assessor, said sum being 60 per cent, of the actual cost of the structure, which amount was deemed a proper sum for taxation.
No complaint was made by Mr. Carew to the valuation as thus fixed until this action was brought in February, 1899.
I think we all agree that the structure was substantially completed in the spring of 1892, and should have been so returned by the annual assessor, as was done,and the board of supervisors would have been justified in fixing a valuation on the building in that year as a completed structure, although there were many alterations made after that time and during that year, amounting, as shown by the evidence, to more than $6,000, being an amount considerably more than the ordinary repairs would amount to; but the evidence ' clearly shows that said board did no pass on said structure as a completed structure, for the reason that it was prevailed to defer said action until the following year at the. request and solicitation of Mr. Carew, and for this reason Mr, Carew should not now be heard to complain.
It was competent for the auditor to go outside of the record for the facts above stated (59 Ohio St., 37), and having found them, it was his duty to refuse to make the correction.